IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, JAMES S. JORGENSEN,<br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>D.L. ANDERSON COMPANY, INC. and NANCY ANDERSON<br>　　　　　　　Defendants. | No. 09 C 6289<br><br>Judge Castillo |

**PLAINTIFFS' MOTION FOR DAMAGES**

Plaintiffs, the Laborers Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (the "Laborers' Funds"), request that the Court enter an amount of damages against D.L. Anderson Company, Inc. (hereinafter "D.L. Anderson" or the "Company") and Nancy Anderson individually (hereinafter "Anderson") in the total amount of $21,283.55. In support of this motion, plaintiffs state:

　　1.　　On or about October 7, 2009, plaintiffs filed an amended complaint under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1143 and 1132(g)(2) and under the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185(a), which added Nancy Anderson, the owner of D.L. Anderson, as an individual defendant. The amended complaint seeks the outstanding amount owed on the Installment Note, plus attorneys fees, which was signed on or about June 2, 2009. Nancy Anderson signed a Guaranty of Payment and

1

Indemnification personally guaranteeing the note. A copy of the Installment Note ("Note") is attached hereto as Exhibit A, and a Guaranty of Payment and Indemnification Agreement ("Guaranty") signed by Anderson is attached as Exhibit B. The Complaint also seeks payment of the Company's benefit contributions and dues for the months of May and June 2009.

2. On October 15, 2009, plaintiffs' process server, Philip P. Ducar, personally served the summons and complaint to Ms. Mary Plocharczyk at the office of the Registered Agent, Daniel J. Quigley, in New Lenox, Illinois. On October 17, 2009, plaintiffs' process server, Philip P. Ducar, personally served the summons and complaint to Dale Anderson, husband of Nancy Anderson in New Lenox, IL. Twenty days has lapsed since the defendants were served with the summons and complaint.

3. On or about November 9, 2009, the Court entered default judgment against the defendants.

4. The Note has an acceleration clause enabling the Funds to collect the full amount remaining on the Note if defendants fail to pay consistent with the terms of the Note. (Exhibit A at paragraph 8 and 9). In the event of D.L. Anderson and Anderson's failure to pay consistent with the terms of the Note, Anderson's obligations under the Guaranty accelerate as well. (Exhibit B at paragraph 6).

5. According to the affidavit of the Funds' Field Representative, Rocco Marcello, defendants have failed to make any note payments since September 2009. The amount of $10,822.95 remains due to the Funds, plus $721.55 in penalties for late Note payments (Exhibit C).

6. The Note and Guaranty requires, *inter alia*, the payment of current monthly contributions as they become due and owing to the Funds. (Exhibits A, B). The Company has failed

to pay contributions owed to plaintiffs for the months of May and June 2009. Based on the Company's monthly reports which it submitted to the plaintiffs, the Company and Anderson owe $5,867.72 in principal contributions for May and June 2009.

7. Liquidated damages and interest for the delinquent May and June 2009 contributions are due as established by Mr. Marcello's January 26, 2010 affidavit. (Exhibit C). Pursuant to those Agreements, liquidated damages are calculated at 20% of delinquent contributions. Liquidated damages are owed in the amount of $1,132.76. Interest is owed at the rate of prime plus two percent as charged by Chase Bank on all delinquent amounts owed from the date of delinquency forward. Interest has been determined for unpaid Funds' contributions in the amount of $56.62 through January 25, 2010. The Company and Nancy Anderson also owe accumulated penalties in the amount of $29.87 through January 25, 2010.

8. The Note, in paragraphs 8 and 9, and Guaranty, in paragraphs, 10 and 14, provide that defendants will pay and reimburse the Funds for reasonable attorneys' fees incurred by the Funds in their efforts to obtain compliance with this Settlement Agreement. Likewise, pursuant to ERISA, §1132(g)(2), reasonable attorneys' fees are owed by the delinquent employer for all work performed in the collection of unpaid contributions. The parties' collective bargaining agreement requires that the employer pay all fees for which the Trustees become legally bound to pay "including damages, interest, audit costs, filing fees and any other expenses incurred." Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel, in the total amount of $2, in attorney's fees (see, Affidavit of Karen I. Engelhardt, attached hereto as Exhibit B). Costs are owed in the amount of $515.00, consisting of filing and service fees. (Exhibit D).

9. In paragraph 13, the Guaranty states:

> The Guarantor [Anderson] hereby authorizes irrevocably any attorney of any court of record to appear for him/her in such court, at any time ten (10) days notice after default in any payment due under this Guaranty, and confess judgment against Guarantor, after service of such notice of the claimed default, in favor of the Funds for such amount to be unpaid and owed thereon, including interest, liquidated damages and reasonable cost of collection including reasonable attorneys' fees. The Guarantor agrees to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratify and confirming all that said attorney may do by virtue hereof.

10. Despite demand duly made, and despite several calls made to defendants by Funds' counsel and correspondence sent to defendants, the Company and Anderson have not made any Note payments, nor have they paid the amounts owed for their May and June 2009 Reports.

Wherefore, plaintiffs drafted a proposed judgment order for a total judgment against D.L. Anderson Company and Nancy Anderson in the amount of $21,283.55.

Respectfully submitted,

/s/ Angie M. Cowan
One of plaintiffs' attorneys

Wesley G. Kennedy
Karen I. Engelhardt
N. Elizabeth Reynolds
Angie M. Cowan
Allison, Slutsky & Kennedy, P.C.,
230 W. Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

January 26, 2010